## Black, Trustee v. Chappell.

(Decided December 7, 1910.)

### Appeal from Bell Circuit Court.

Land—Title to Timber Trees—Vesting in Heirs of Assignee—Abrogation of Rule of Common Law.—In this action for damages for cutting and removing poplar trees claimed by plaintiff as trustee, valued at $5,000.00, a peremptory instruction was given for the defendant because the evidence failed to show that appellee cut the trees sued for. Held, that the proof, though contradictory, entitled them to go to the jury. Whatever may have been the rule at the common law as to the vesting of the title to land upon the death of the assignee in his heirs at law, it is plain that the statutes now in force in this State abrogate that rule. See Ky. St., sections 76, 77, 78 and 79.

E. L. STEPHENS, N. J. WELLER and EDELEN & DAVIS for appellants.

JAS. H. JEFFRIES, COOK & JONES and D. B. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellants, John A. Black, trustee, and Geo. H. Reese, assignee of the estate of F. A. Hull, brought this action in the court below to recover of the appellee, H. M Chappell, $5,000 damages for cutting and removing from lands owned by them 1,000 poplar trees.

The answer traversed the averments of the petition and alleged that the several patents under which appellants claimed to have derived title to the lands containing the trees were void; that the lands, in large part and from which the trees were cut, are covered by elder outstanding patents; that appellee was in actual, adverse possession of the lands when appellants purchased it. The answer also pleaded the statute of champerty and appellee's ownership of the lands described in the answer and averred that the lands owned by him and thus described "embraces a part and possibly all

of the lands'' from which the trees in controversy were cut by appellee.

The material averments of the answer were denied by reply. On the trial of the case appellee, at the conclusion of all the evidence, moved for a peremptory instruction on two grounds: 1st, because appellants failed to prove their ownership of the trees alleged to have been cut and converted by appellee; 2nd, that the evidence failed to show that appellee, before the institution of the action, removed any trees from the lands covered by the four patents under which appellants claim title, and not included in other and older patents.

The trial court refused the peremptory instruction on the ground first stated, but granted it on the second, and in obedience thereto the jury returned a verdict in favor of appellee; upon this verdict a judgment was entered in appellee's behalf, and from that judgment and the refusal of the court to grant them a new trial, appellants prosecute this appeal.

Appellants' title begins with four patents, Nos. 44140, 44142, 44144, and 44146, all issued by the Commonwealth to W. H. Degroot in 1870.

By various deeds and through successive vendors the title to the land covered by these several patents was finally conveyed to F. A. Hull, and later Hull and wife by deed of assignment, dated August 28th, 1893, conveyed the lands to John M. Unthank for the benefit of F. A. Hull's creditors. Unthank died in 1899, before he had fully carried out the trust imposed by the deed of assignment from Hull. Thereafter, the appellant, Geo. H. Reese, was, as shown by the orders of the county and circuit courts, appointed and qualified as assignee' and successor of Unthank under the deed from Hull, and in an action brought in the Bell circuit court the lands in question, together with others formerly owned by Hull, were sold at commissioner's sale and the appellant, John A. Black, became the purchaser thereof. This sale was duly confirmed by the court, but no deed was made to Black in pursuance thereof, for which reason Geo. H. Reese, as assignee of Hull, joined with the appellant, Black, as a plaintiff in the case at bar.

We are convinced that the court erred in granting the peremptory instruction, for there was some evidence tending to show that the timber in controversy was cut and removed by appellee from lands covered

by the four patents referred to; and while much of it was perhaps cut from that part of the Degroot lands covered by other and elder patents, appellants' proof referred to, though contradicted by much of appellee's evidence, entitled them to have the case go to the jury. The evidence referred to was furnished by the testimony of R. L. Blakeman who had made a survey of the land embraced by the four patents, by Matt Evans who had also surveyed them, and Calvin Hurst, a lawyer, who had inspected the lands for the purpose of counting the timber. It further appears that by agreed order entered by the parties to the action, Shelton Evans and J. L. Lewis were appointed to go upon the lands in controversy and count the stumps of the poplar trees which were cut therefrom by the appellee prior to the institution of the action, and these men were directed to make a report of the matter, which they did, and the report shows that some of the timber in controversy was cut from appellants' lands ' as claimed by them. The agreed order conceded the cutting of some of the trees by appellee and besides, his answer in effect admits the cutting of some of the timber sued for.

It is equally manifest that the peremptory instruction should not have been granted upon the ground first indicated, in urging which appellee contended and now insists, that neither of the plaintiffs holds the title to the lands in controversy because upon the death of John M. Unthank, the assignee named in the deed from Hull and wife, the title to the lands descended to his four children charged with the trust imposed by the deed, and that as they were not parties to the suit in which the lands were sold and purchased by appellant Black, the title yet remained in the heirs-at-law of Unthank. This contention cannot be sustained. At the time of the execution of the deed of assignment from Hull and wife to Unthank the law of this State with respect to assignments of this character was, as now, contained in chapter 109a of the Kentucky Statutes, which upon appointment and qualification of the assignee, invested him with title to and full control of the entire estate assigned; and when after the death of the assignee named in the deed, the appellant Reese was appointed and qualified in his stead, he became invested with the same rights, powers and responsibilities in respect to the estate assigned as if he had been named in the deed as assignee. So, whatever may have

been the rule of the common law as to the vesting of the title upon the death of the assignee in his heirs-at-law, it is plain that the statute abrogates that rule. Sections 76, 77, 78 and 79, Kentucky Statutes.

It, therefore, follows that the title to the lands in question did not pass to the heirs-at-law of J. M. Unthank at his death, but to Reese, the assignee who succeeded him, and this being true, the heirs-at-law of Unthank were not necessary parties to the action in which the lands were sold.

The appellant Black by his purchase of the lands at the decretal sale became the equitable owner thereof, the legal title, in absence of a deed to Black, remained in Reese, who being made a party to the present action, must be treated as suing for the benefit of Black.

Upon no ground that occurs to us can it be said that the peremptory instruction was proper.

Wherefore the judgment is reversed and cause remanded for a new trial and other proceedings consistent with the opinion.