## Black, Trustee v. Chappell.

### (Decided May 8, 1917.)

### Appeal from Bell Circuit Court.

Appeal and Error—Evidence—Weight of For Jury.—Where the evidence is conflicting and the verdict of the jury is not flagrantly against the evidence, the verdict will not be disturbed, although it may be against the weight of the evidence.

MARTIN T. KELLY for appellant.

JAMES H. JEFFRIES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On September 8, 1902, this suit was brought by Black against Chappell and others to recover five thousand dollars, the alleged value of one thousand poplar trees alleged to have been cut and removed by Chappell from the land of Black.

In his answer to this suit, filed in October, 1902, Chappell controverted the averments of the petition.

On November 2, 1904, Black offered to file an amended petition setting up that since the filing of his original petition Chappell had wrongfully cut and removed from his premises one thousand poplar trees of the value of five thousand dollars. And in March, 1910, he offered to file another amended petition in which a change was made in the number and value of the trees; but the court refused to permit either of these amended petitions to be filed.

After this, and in March, 1910, the case went to trial before a jury, and at the conclusion of the evidence for Black the court directed the jury to return a verdict for

Chappell. From the judgment on this verdict Black prosecuted an appeal to this court, and in an opinion that may be found in 141 Ky. 85, the judgment was reversed upon the principal ground that there was some evidence, as said by the court, tending to show that the timber in controversy was cut and removed by Chappell from land owned by Black.

Upon a return of the case there was another trial, resulting in a verdict for Chappell, and from the judgment on that verdict Black prosecutes this appeal.

It should be here stated that on the trial from which this appeal is prosecuted the case went to the jury on the pleadings as they were made up before the other appeal was prosecuted, as no new pleadings were filed by either party after the return of the case; so that on the pleadings Black could recover only for trees cut and removed prior to September 8, 1902, when his first petition was filed. The tendered amended pleadings seeking to recover the value of trees cut and removed from the land subsequent to that time had, as we have said, been rejected by the court. Under his pleadings Black was not entitled to recover the value of any timber cut and removed subsequent to September 8, 1902. Therefore the only question about which we need concern ourselves is, should the jury, as contended by counsel for Black, have been instructed to find that Chappell did cut and remove some trees before September 8, 1902, or if not, was the verdict of the jury finding that he had not cut and removed any trees prior to that time flagrantly against the evidence?

This issue was sharply submitted to the jury in an instruction telling them that if they believed from the evidence that Chappell, prior to September 8, 1902, cut and removed, or caused to be cut and removed, poplar trees from the land of Black, they should find for Black the reasonable market value of the trees so cut and removed. Counsel for Black asked the court to instruct the jury that if they believed Chappell cut and removed any trees either before or after September 8, 1902, they should find for Black the value of the trees so cut and removed. This instruction, however, was properly refused by the trial judge, because, as we have said, Black's right of recovery was limited to such trees as Chappell cut and removed before September 8, 1902. No matter how many trees Chappell may have cut and removed from the land of Black subsequent to that date, Black could not recover their value under his pleadings.

It is contended by counsel for appellant that the answer of Chappell admitted cutting timber on the boundary of land which the record shows was owned by Black, but we do not so understand the admissions in the answer. It is true the answer contains this admission: ''Denies that this defendant alone, or with any one or more of his co-defendants, has cut down or converted to his own use any trees upon said land other than upon such part of said land as belongs to this defendant as hereinafter set out. Denies that any trees so cut by the defendant upon the land he herein claims was of a greater value than twenty-five hundred dollars. Denies that he has cut down or has caused to be cut down upon the land he herein claims one thousand poplar trees. Denies that the timber he so cut was of the value of five thousand dollars or of any greater value than twenty-five hundred dollars.''

Further in his answer he set out the body of land from which these trees were cut, and it is claimed that this body of land is included in the body of land described in the petition. As we understand the petition, it described a large body of land to which Black set up ownership, but it is conceded that a very considerable portion of this boundary was covered by patents senior to the patents under which Black claimed, and to the extent of the interference of these senior patents Black did not own the land described in his petition. So that Chappell may have cut trees from the land described in the petition and yet not have cut any trees on the land owned by Black. He would not be liable to Black for cutting and removing timber unless the timber so cut and removed was taken from the land owned by Black, and this land is very accurately described in the map filed with the record, which is admitted to be correct; and we find no admission whatever in the answer of Chappell that he cut any timber prior to 1902 from the land owned by Black. There is a stipulation in the record reciting that Chappell was the owner of the older patents and that wherever these older patents covered the land, the timber thereon belonged to Chappell and that Black owned only such part of the land as was not embraced by these older patents.

We must, therefore, look to the evidence heard on this last trial for the purpose of determining whether Chappell, prior to September, 1902, cut and removed any timber from the land owned by Black. This was the only issue in the case under the pleadings, and the evidence for Black tends to show that Chappell did, prior to Sep-

tember, 1902, cut and remove a number of trees standing on land concededly owned by Black, but the evidence of these witnesses was flatly contradicted by Chappell, who, while admitting that he did cut and remove timber from this land subsequent to 1902, denied that any of it was cut and removed prior to September 8, 1902.

It may be conceded that the weight of the evidence tends to support the contention of Black, but this disputed question of fact was for the jury to determine, and the verdict is not so flagrantly against the evidence as to justify us in setting up our judgment against the judgment of the twelve men who sat as jurors in the case and had a better opportunity than we have for arriving at the right of the case as it was related in the conflicting evidence of witnesses. As we look at the matter, there was only one issue in the case, and that was purely a question of fact, to-wit, whether Chappell, before 1902, cut and removed any trees from the land of Black. The jury, under proper instructions, found he did not, and the judgment on the verdict must be affirmed.